

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00320-CV

IN RE: THE COMMITMENT OF CODY WADE BUTCHER

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. D371-S-14947-21, Honorable Lee Gabriel, Presiding

July 6, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found Appellant, Cody Wade Butcher, to be a "sexually violent predator" under chapter 481 of the Texas Health and Safety Code, known as the Texas Civil Commitment of Sexually Violent Predators Act.[1]  Pursuant to that finding, the trial court entered an *Order of Commitment* providing that following Butcher's release from the Texas Department of Criminal Justice, he be immediately transported to a contracted Texas residential facility to participate in and comply with sex offender treatment.  By a

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 841.001–.153.

sole issue, Butcher challenges the factual sufficiency of the evidence to support a finding beyond a reasonable doubt that he has a behavioral abnormality.[2] We affirm.

## BACKGROUND

Butcher committed his first sexual offense in 1992 when he was sixteen years old and his victim was three years old. When he was nineteen, Butcher was sexually involved with a fourteen-year-old girl. He was convicted of indecency with a child by contact and sentenced to eight years confinement. He was paroled and, while on parole, he raped a woman he was involved with when she attempted to leave him. He was convicted of that offense and sentenced to twenty-five years in prison.

While Butcher was serving his twenty-five-year sentence, the State petitioned to have him committed for treatment as a sexually violent predator following his release from prison. The case was tried to a jury and the only witnesses were Dr. Christine Reed, a forensic psychologist, and Butcher, who testified in his defense. After presentation of the evidence, the jury found beyond a reasonable doubt Butcher is a sexually violent predator. In accordance with the jury's verdict, the trial court signed an *Order of Commitment* that he be transported by the Texas Civil Commitment Office for sex offender treatment on his release from prison. Butcher filed a motion for new trial challenging, among other things, the factual sufficiency of the evidence. *See In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 6609, at *8 (Tex.

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

App.—Amarillo Aug. 11, 2021) (mem. op.) (noting a general challenge to sufficiency of the evidence is sufficient to preserve the issue for appellate review). The motion for new trial was overruled by operation of law and Butcher pursued this appeal.

## APPLICABLE LAW

A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. § 841.003(a). "Behavioral abnormality" is defined as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." § 841.002(2). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Smith*, 562 S.W.3d 800, 803 (Tex. App.—Amarillo 2018, no pet.).

## STANDARD OF REVIEW

In a factual sufficiency review, we determine after a review of the entire record whether a reasonable factfinder could find beyond a reasonable doubt that a person is a sexually violent predator. *In re Commitment of Stoddard,* 619 S.W.3d 665, 674 (Tex. 2020). The evidence is factually insufficient if, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the verdict, along with the undisputed facts contrary to the verdict, is so significant that a factfinder could not have found beyond a reasonable doubt that the statutory elements were met. *See id.*

3

at 674–75. *See also In re Commitment of Fant-Caughman*, No. 07-20-00084-CV, 2021 Tex. App. LEXIS 5591, at \*10 (Tex. App.—Amarillo July 14, 2021, no pet.) (mem. op.).

ANALYSIS

Butcher disputes the evidence shows beyond a reasonable doubt he has a behavioral abnormality. He contends the evidence does not distinguish him from a typical recidivist. We disagree.

Dr. Reed offered her expert opinion that Butcher suffered from a behavioral abnormality. However, no testing exists to determine a behavioral abnormality because it is a legal term. *In re Commitment of Cordova*, 618 S.W.3d 904, 913 (Tex. App.—El Paso 2021, no pet.).

To form her opinion, she reviewed Butcher's juvenile, medical, prison, and sex offender treatment records, as well as his deposition and details of his prior sexual offenses. She interviewed Butcher via video conference for approximately three and one-half hours.[3] She administered several tests to Butcher to determine his risk of reoffending.

Testing allowed Dr. Reed to evaluate the two main categories of risk factors: (1) sexual deviance and (2) antisocial orientation. She explained sexual deviance is chronic and involves urges which deviate from the norm and contribute to a behavioral abnormality. Antisocial orientation involves features such as a lack of empathy, manipulating or controlling behavior, and aggressiveness. Multiple tests showed Butcher

---

[3] Face-to-face interviews ceased during the COVID epidemic.

4

tested above average for reoffending. She added that Butcher displayed impulsivity and irresponsibility and tended to minimize his criminal behavior.

Dr. Reed testified to the details of the three prior acts of sexual violence with the first act having occurred when Butcher was sixteen and his male victim was a three-year-old boy. As previously noted, a second offense involved a fourteen-year-old girl when Butcher was nineteen,[4] and when paroled for that conviction, he forcibly raped a female with whom he was in a relationship. According to Dr. Reed, Butcher manipulated and controlled the women he was involved with and ended a relationship with one woman for being "too independent." He also committed numerous other offenses as a juvenile which were never prosecuted but are considered risk factors. Those acts include thefts, burglaries, and arson.

While in prison, Butcher participated in sex offender treatment, but according to Dr. Reed, he discounted the treatment and reoffended while on community supervision and parole. Her opinion was based on various other risk factors which included that all his victims were not related to him, one of his offenses was male-on-male, and he continued to reoffend even after sex offender treatment.

Dr. Reed testified to various positive or protective factors which included Butcher's increased age, religious beliefs, family support, no history of substance abuse, and no disciplinary issues in prison. She further testified his participation in some sex offender treatment was a protective factor but cautioned he did not complete treatment and

---

[4] Although the evidence indicates the relationship was consensual, Butcher admitted in his testimony he became aware the relationship was illegal.

reoffended after some treatment. She determined the protective factors were not sufficient to reduce his risk of reoffending as some of those protective factors existed when he reoffended. She concluded Butcher's sexual deviance and antisocial orientation showed he suffered from a behavioral abnormality—a "congenital or acquired condition" which affected his "emotional or volitional capacity" because he chose to engage in the sexually violent acts which made him a "menace to the health and safety of another person."

Dr. Reed was vigorously cross-examined especially on the mathematical probability of Butcher reoffending with a sexually violent offense and not simply as a recidivist of other offenses. Although she agreed he was not a "prototypical psychopath," she affirmed his conduct made him a part of the group that had already reoffended with sexually violent offenses. Past convictions for violent behavior are an important indicator of future violent tendencies. *Kan. v. Hendricks*, 521 U.S. 346, 357–58, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997).

Butcher testified he had been sexually abused by his father. At age ten, he was hospitalized in a psychiatric center. He denied sexually assaulting the three-year-old when he was sixteen and represented the incident as a misunderstanding when the child walked in on him masturbating. He admitted to forcibly raping a prior victim and when asked if he had a "problem controlling [his] sexual impulses," he answered, "[y]es." But when asked, "[a]re you a sex offender," he replied, "[n]o."

We conclude there was factually sufficient evidence for the jury, as the sole judge of the witnesses' credibility and weight to be given their testimony, to find Butcher suffered

6

from a behavioral abnormality and is a sexually violent predator.  Butcher's sole issue is overruled.

## CONCLUSION

The trial court's *Order of Commitment* is affirmed.


Alex L. Yarbrough
Justice